UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

Case No. 4:08cv216-SPM/WCS

PACIFIC LIFE INSURANCE COMPANY,

      Plaintiff,

v.

THE SYLVIA G. PAYNE IRREVOCABLE
WEALTH TRUST; GENESIS FINANCIAL
SERVICES, INC.; MARTHA N. PAYNE, IN
HER CAPACITY AS TRUSTEE OF THE
SYLVIA G. PAYNE IRREVOCABLE
WEALTH TRUST, AND INDIVIDUALLY;
SUSAN P. BLISS; MARY PAYNE
NGUYEN; AND SARA E. PAYNE,

      Defendants.
_____/

**PLAINTIFF PACIFIC LIFE INSURANCE COMPANY'S UNOPPOSED MOTION
TO INTERPLEAD FUNDS INTO THE REGISTRY OF THE COURT
AND INCORPORATED MEMORANDUM OF LAW**

      Plaintiff, Pacific Life Insurance Company ("Pacific Life"), pursuant to 28 U.S.C. § 1335, and Rules 22 and 67 of the Federal Rules of Civil Procedure, hereby moves this Court to enter an order authorizing Pacific Life to deposit into the registry of the Court the funds in dispute that are the subject of Pacific Life's Complaint for Interpleader and Injunctive Relief in this action, and states as follows:

1.      Pacific Life incorporates the allegations of its Complaint for Interpleader and Injunctive Relief ("Complaint").

2.      Pacific Life seeks to deposit into the registry of this Court, pending judgment in this action, the Disputed Proceeds as defined in the Complaint, as of the date of remitting said Deposit. The Disputed Proceeds will consist of: (a) One Hundred Twenty-Seven Thousand Nine Hundred Sixty Dollars ($127,960.00), plus (b) interest accrued on said amount through the date of remitting the deposit.

3.      Pacific Life also requests that this Court order the Clerk of Court to accept the deposit of the Disputed Proceeds referenced herein, and that any fees charged by the clerk or accrued in this account by operation of this Court's registry requirements be paid from the deposit and not be the separate responsibility of Pacific Life. *Prudential Ins. Co. v. Boyd*, 781 F.2d 1494, 1497 (11th Cir. 1986) (attorneys' fees and costs are generally awarded from "interpleader funds").

4.      Pacific Life has a statutory right to interplead the Disputed Proceeds identified in its Complaint, filed May 9, 2008. 28 U.S.C. § 1335. The adverse claimants to the Disputed Proceeds "may be joined as defendants and required to interplead" when their claims are such that they "may expose a plaintiff to double or multiple liability." Fed. R. Civ. P. 22(1). A disinterested stakeholder faced with adverse claimants may properly maintain a suit in interpleader to rid itself of "the vexation and expense of resisting adverse claims." *Equitable Life Assurance Soc'y v. Miller*, 229 F.Supp. 1018, 1029 (D. Minn. 1964). An interpleader action pursuant to 28 U.S.C. § 1335 requires only a disinterested stakeholder who holds funds greater than $500, two or more adverse

claimants of diverse citizenship, and a deposit of funds into the registry of the court, there to abide by the court's judgment.  28 U.S.C. § 1335; *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 527 (1967).

5.  Because of asserted and potential conflicting claims, Pacific Life is in doubt as to the person or entity, or persons or entities, entitled to the Disputed Proceeds. Pacific Life filed its Complaint and seeks to be relieved of the risk of multiple liability on said conflicting claims to the Disputed Proceeds.  Accordingly, Pacific Life is entitled to interplead the Disputed Proceeds and be discharged from this action.

6.  In an agreement between Plaintiff and all Defendants except Genesis Financial Services, Inc. ("Genesis"), a copy of which is attached as Exhibit 11 to the Complaint, those Defendants consented to this motion.  Undersigned counsel for Plaintiff also conferred with those Defendants' counsel and contacted the sole known representative of Genesis.  Counsel for those Defendants confirmed they do not oppose this Motion and agree with the relief requested.  No response was received from Genesis' representative by the time this Motion was filed.

WHEREFORE, Pacific Life moves for and requests an order directing that:

1.  Pacific Life be authorized to pay and deposit into the registry of the Court, and the Clerk of Court be directed to accept for deposit, the Disputed Proceeds in the amount of $127,960.00, plus interest accrued thereon through the date of remitting said payment; and

2.      Any fees charged by the Clerk of Court or accrued on the account by operation of this Court's registry requirements shall be paid from the deposit and shall not be the separate responsibility of Pacific Life.

Dated: June 16, 2008

Respectfully submitted,

SQUIRE, SANDERS & DEMPSEY L.L.P.

By: */s/ Gary P. Timin*
Gary P. Timin
Florida Bar No. 0439071
215 S. Monroe Street, Suite 601
Tallahassee, FL 32301-1804
Telephone: +1.850.222.2300
Facsimile: +1.850.222.8410
E-mail:    GTimin@ssd.com

*Attorneys for Pacific Life Insurance Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of June, 2008 the foregoing Unopposed Motion was electronically filed with the Clerk of the Court using the CM/ECF system. A copy of the foregoing Unopposed Motion was sent by U.S. Mail to the following:

| | |
|---|---|
| William C. Owen, Esq.<br>William C. Owen, LLC<br>241 Pinewood Drive<br>Tallahassee, FL 32303<br>*Counsel for Defendants other than Genesis Financial Services, Inc.* | Genesis Financial Services, Inc.<br>c/o Mark A. Arvin<br>180 North Stetson St., Suite 3500<br>Chicago, IL 60601 |

*/s/ Gary P. Timin*
Gary P. Timin

TALLAHASSEE/63216.1
079632.08966