UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CASE NO. 4:08 CV 216-SPM-WCS

PACIFIC LIFE INSURANCE COMPANY,

    Plaintiff,

v.

THE SYLVIA G. PAYNE IRREVOCABLE
WEALTH TRUST; GENESIS FINANCIAL
SERVICES, INC.; MARTHA N. PAYNE, IN
HER CAPACITY AS TRUSTEE OF THE
SYLVIA G. PAYNE TRUST, AND INDIVIDUALLY;
SUSAN P. BLISS; MARY PAYNE NGUYEN;
AND SARA E. PAYNE,

    Defendants.

_____/

## ANSWER OF DEFENDANT SYLVA G. PAYNE IRREVOCABLE TRUST

Defendant, THE SYLVIA G. PAYNE IRREVOCABLE TRUST a/k/a THE SYLVIA G. PAYNE IRREVOCABLE WEALTH TRUST (Trust) for its answer to the Complaint for Interpleader and Injunctive Relief filed by Plaintiff PACIFIC LIFE INSURANCE COMPANY, says:

    1.    Admitted.

    2.    Admitted.

    3.    Without knowledge

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. All of this paragraph, except for the last sentence, is admitted. Defendant is without knowledge of the last sentence.

12. Denied.

13. Admitted that the referenced paperwork was submitted by Martha N. Payne as Trustee of the Trust but the legal effect of said paperwork is changing the beneficiary of the policy is denied.

14. Without knowledge.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Without knowledge of first sentence. The remainder of this paragraph is admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted that the Trustee and Trust beneficiaries has not furnished to Plaintiff Pacific Life a writing signed or acknowledged by "Genesis." Defendant is without knowledge of the remainder of this paragraph.

24. Defendant refers to responses to paragraphs 1 through 23 respectively as set forth above and incorporates same in answer to the allegations of this paragraph.

25. The first sentence is admitted. Defendant is without knowledge of the remainder of this paragraph, except Defendant admits that it has demanded the disbursement to the Trust of all remaining death benefit proceeds, together with interest thereon.

26. Without knowledge.

27. Denied.

28. Admitted as to Defendant Trust. Without knowledge as to others.

29. Without knowledge.

30. Without knowledge.

31. Denied.

32. Without knowledge.

## CLAIM IN INTERPLEADER BY SYLVA G. PAYNE IRREVOCABLE TRUST

Defendant, THE SYLVA G. PAYNE IRREVOCABLE TRUST (Trust), files its interpleader claim for funds deposited into the registry of this Court by Plaintiff PACIFIC LIFE INSURANCE COMPANY, (Pacific Life) and alleges:

1. This is an action by the Trust to recover via interpleader claim the balance of insurance death benefit proceeds owed to the Trust by Plaintiff Pacific Life Insurance Company (Pacific Life) and deposited by said Plaintiff into the registry of the Court.

2. On February 22, 1993, Sylvia G. Payne, as Settlor, created an irrevocable trust known as The Sylva G. Payne Irrevocable Trust, a/k/a The Sylvan G. Payne Irrevocable Wealth Trust. A copy of said trust indenture document is attached hereto as Exhibit "A."

3. As a result of an application submitted by or in the name of the Trust to Pacific Life for an individual life insurance policy covering the life of the Settlor Sylvia G. Payne, on March 12, 1993 Pacific Life issued to the Trust life insurance policy No. 1A22641550-0 (Policy) to the Trust, which Policy had a face amount of $1,000,001.00. The insured under the Policy

was Sylvia G. Payne and benefits thereunder were payable to the Trust, with Martha N. Payne as its Trustee. Besides being the owner and holder of the Policy, the Trust was listed as the primary and sole beneficiary of the Policy. A true and correct copy of the Policy, including the application in part, is attached hereto as Exhibit "B." Pacific Life knew that the Trust existed, was irrevocable and that the aforesaid Policy was held as an asset of the Trust.

4. As soon as policy No. 1A2264155-0 was delivered to the Trust as above alleged, the Policy's terms and conditions, including the right to change or alter the beneficiary of the Policy, became subservient to and exclusively governed and controlled by the terms and provision of the Trust. According to the terms of the Trust, the Policy could not be amended, and this included any change or alteration to the designated beneficiaries, i.e. the Settlor's four children. Moreover, the Settlor was expressly prohibited by the Trust document from having any control over the Trust or its assets, including the Policy.

5. Any conduct by the Settler during her lifetime purporting to sell, transfer or encumber the assets of the Trust or change the beneficiaries thereof specified by the Trust's provisions, inclusive of changes to beneficiary provisions of the Policy issued by Pacific Life and held by the Trust, was inane and of no legal import or effect.

6. Any conduct by Martha N. Payne, either individually or as Trustee of the Trust, purporting to sell, transfer or encumber the assets of the Trust or change the beneficiaries thereof specified by the Trust's provisions, inclusive of changes to beneficiary provisions of the Policy issued by Pacific Life and held by the Trust, was inane and of no legal import or effect.

7. Neither Genesis Financial Services, Inc. or any derivative or successor entity thereto has any legal claim or interest in the aforesaid life insurance death benefit proceeds. Moreover, to the extent such entity or entities were served with process in this action they have failed to timely respond thereto and should be defaulted from claiming any interest in and to the interpled funds.

8. On or about March 23, 2007, the insured died. A copy of the death certificate is attached hereto as Exhibit "C."

9. Following the death of the insured, the Trust timely and properly filed a claim for the death benefit proceeds of the subject Policy, which proceeds totaled $1,000,001.00. Pacific Life refused to tender said death benefit proceeds to the Trust and erroneously maintained that Genesis Financial Services, Inc., or a derivative or successor entity thereto, had a colorable claim or lien against a portion of said death benefit proceeds up to but not exceeding $127,960.00.

10. After an agreement was entered into between Pacific Life and the Trust regarding distribution to the Trust of what was labeled the "undisputed" proceeds of said policy, the balance of said death benefit proceeds totaling $127,960.00, were labeled "disputed" proceeds and this sum plus interest thereon, have been deposited into the registry of this Court by Pacific Life.

11. The Trust is exclusively entitled to all of the interpled funds, together with interest thereon, deposited into the registry of this Court by Pacific Life.

12. The Trust has engaged the undersigned counsel to represent it in this proceeding and is obliged to pay said attorney a reasonable fee for his services in prosecuting this claim.

13. In addition to the fact that neither Genesis Financial Services, Inc., nor any derivative or successor thereto, acquired an interest in the subject insurance proceeds, any such entity is foreclosed from asserting any such claim by failure to timely file a responsive pleading in these proceedings.

WHEREFORE, Claimant Trust requests that the Court enter its judgment adjudicating that the Trust exclusively is entitled to claim and

draw down the interpled funds in these proceedings and all interest pertinent thereto.

## COUNTERCLAIM

The SYLVIA G. PAYNE IRREVOCABLE TRUST (Trust), sues Plaintiff/Counterdefendant PACIFIC LIFE INSURANCE COMPANY (Pacific Life) and alleges:

### COUNT I

1. This is a claim for declaratory judgment and supplemental relief pursuant to 28 U.S.C. §2201 and/or Chapter 86, Laws of Florida and is ancillary to the interpleader action brought by Pacific Life.

2. This Court has subject matter jurisdiction pursuant to Rule 13, Fed.R.Civ.P.

3. The Trust realleges the allegations of paragraphs 2 through 12 of its above referenced Claim in Interpleader as if specifically set forth herein.

4. For the reasons heretofore alleged and set forth, the above named settler/insured, the Trust and/or its Trustee were totally and legally powerless to assign or transfer any interest in the subject Policy to or for the benefit of Genesis Financial Services, Inc. or any other entity as claimed by Pacific Life.

5. The conduct of Pacific Life in failing to tender all of the death benefits of the subject Policy to the Trust constitutes a breach of or departure from the vested contractual entitlements of the Trust in said death benefit proceeds and constitutes the measure of damages sustained by the Trust attributable to the breach of Pacific Life.

6. Counterclaimant has engaged the undersigned attorney to represent it in bringing this action and is entitled to the award of reasonable attorney's fees by the operation of Neb.Rev. Stat. §44-359.

7. Counterclaimant hereby acknowledges that any sums of money paid to it in recognition of its interpleader claim in this proceeding shall constitute a set off of any supplemental award of damages to Counterclaimant ordered by the Court.

WHEREFORE, Counterclaimant Trust requests that the Court order and declare that the Trust was at all times the exclusive beneficiary of policy No. 1A2264155-0 issued by Counterdefendant Pacific Life Insurance Company. Further Counterclaimant Trust request that the Court award supplemental relief to it in the form of a judgment against Counterdefendant Pacific Life Insurance Company for the sum of $127,960.00, representing the unpaid death benefits accruing under said policy, together with interest thereon from the time of the insured's death at the maximum rate allowed.

Counterclaimant additionally request that the Court award reasonable attorney's fees to it for the legal services incurred in brining this action.

## COUNT II

8. This is a claim for compensatory damages and this Court has subject matter jurisdiction pursuant to Rule 13, Fed.R.Civ.P.

9. The Trust realleges the allegations of paragraphs 2 through 12 of its above referenced Claim in Interpleader as if specifically set forth herein.

10. Counterdefendant Pacific Life was under an implied covenant of good faith and fair dealing in is dealings with the Trust as the original designated beneficiary of the subject insurance Policy.

11. Counterdefendant Pacific Life knew that the Policy became an asset of the Trust and also knew that the Trust was irrevocable.

12. Armed with such knowledge, Counterclaimant breached its aforesaid covenant of good faith by acknowledging the legal efficiency of a purported change in the Policy's designated beneficiary without utilizing reasonable due diligence to confirm that the Trustee of the known irrevocable trust had authority to change the beneficiary of a known asset of the Trust, to wit the subject Policy.

13. By failing to exercise due diligence in verifying and confirming the authority of the Trustee to alter the beneficiary provision of the Policy, Counterdefendant Pacific Life exercised bad faith in recognizing any validity or efficacy to the purported beneficiary claim of Genesis Financial Services, Inc. under the circumstances.

14. Based on the facts and events above alleged, Counterdefendant Pacific Life's denial of the Trust's claim for the balance of the death benefit proceeds totaling $127,960.00 constituted a reckless disregard on its part of a reasonable basis for denying the claim of the Trust.

15. As a direct and proximate result of Pacific Life's bad faith in settling the Trust's claim as hereinabove alleged, the Trust has been denied the timely payment of the balance of said death benefit proceeds and has therefore incurred costs, expenses and attorney's fees, including the fees of prosecuting this action.

16. Counterclaimant hereby acknowledges that any sums of money paid to it in recognition of its interpleader claim in this proceeding shall constitute a set off of any award of damages to Counterclaimant ordered by the Court.

WHEREFORE, Counterclaimant Trust demands a judgment for compensatory damages, against Counterdefendant Pacific Life Insurance

Company, together with prejudgment and post judgment interest, taxable costs and attorney's fees.

Dated this 18th day of July 2008.

>WILLIAM C. OWEN, LLC
>
>
>By:*William C. Owen*
>    William C. Owen, Esq.
>    Fla. Bar No. 0105417
>    241 Pinewood Drive
>    Tallahassee, Florida 32303
>    (850) 513-0600
>    (850) 877-2809 fax

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail to Gary P. Timin, Esq., 215 South Monroe Street, Suite 601, Tallahassee, Florida 32301 and Genesis Financial Services, Inc., c/p Mark A. Arvin, 180 North Stetson Street, Suite 3500, Chicago, IL 60601 this 18th day of July 2008.

>*William C. Owen*