IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

Case No. 4:08cv216-SPM/WCS

PACIFIC LIFE INSURANCE COMPANY,

    Plaintiff,

v.

THE SYLVIA G. PAYNE IRREVOCABLE
WEALTH TRUST; GENESIS FINANCIAL
SERVICES, INC.; MARTHA N. PAYNE, IN
HER CAPACITY AS TRUSTEE OF THE
SYLVIA G. PAYNE IRREVOCABLE
WEALTH TRUST, AND INDIVIDUALLY;
SUSAN P. BLISS; MARY PAYNE
NGUYEN; AND SARA E. PAYNE,

    Defendants.
_____/

**PLAINTIFF'S UNOPPOSED MOTION FOR DISCHARGE FROM
INTERPLEADER ACTION AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, Pacific Life Insurance Company ("Pacific Life"), hereby respectfully moves this Court for discharge pursuant to 28 U.S.C. § 2361 from the instant interpleader action and requests that the Court enter the proposed Order Discharging Plaintiff attached as Exhibit "A."  All Defendants have agreed to the relief this Motion requests.

Pacific Life filed this interpleader action because it faced conflicting asserted and known or likely claims to proceeds of a life insurance policy that it issued and that has matured, i.e., the insured has died. Pacific Life commenced an appropriate interpleader action and deposited all disputed policy proceeds, including accrued interest, in the Court's registry.   Therefore, Pacific Life has no further obligation under its policy and is

now entitled to discharge under 28 U.S.C. § 2361.  The proposed Order Discharging Plaintiff Pacific Life Insurance Company ("Proposed Order"), to which Defendants have agreed, provides such a discharge.

Pacific Life has fulfilled the requirements of 28 U.S.C. § 1335 for the instant interpleader action and now asks this Court to enter the Proposed Order to reflect that Pacific Life has been discharged pursuant to 28 U.S.C. § 2361 and dismissed from this action on terms that, in the view of both Plaintiff and Defendants, protect the rights of all interested persons.  As further grounds, Pacific Life states as follows:

## BACKGROUND

1.     As a result of an application submitted by or in the name of the Sylvia G. Payne Irrevocable Wealth Trust (the "Trust") to Pacific Life for an individual life insurance policy, effective on March 12, 1993, Pacific Life issued to the Trust as sole owner its life insurance policy No. 1A22641550 (the "Policy") with a face amount of $1,000,001.00.  The insured under the Policy was Sylvia G. Payne ("Insured"), and benefits thereunder were payable originally to the Trust, with Martha N. Payne as its Trustee.  Benefits were payable upon the death of the Insured, who died on or about March 23, 2007.[1]

2.     The Trust was initially listed as the primary and sole beneficiary of the Policy.  Subsequently, on or about September 25, 1997, the Trustee filed a Change of Beneficiary form with Pacific Life.  The Change of Beneficiary form requested that the primary beneficiary designation of the Policy be changed to read as follows:

---

[1] Plaintiff's Complaint for Interpleader and Injunctive Relief further defines the capitalized terms used herein.

> Genesis Financial Services, Inc. ("Genesis"), 2300 N. Barrington Road, Suite 320, Hoffman Estates, Illinois, 60195; third party lessor; such benefit to be paid up to the amount of the then outstanding lease obligations owed to Genesis by Sylvia G. Payne d/b/a Nguyen Cash Service, such amount not to exceed $127,960.00. This designation is irrevocable until such lease obligations have been satisfied as confirmed in writing by Genesis.
> Thereafter to: Sylvia G. Payne Irrevocable Wealth Trust.

The apparent effect of that change was to make defendant Genesis Financial Services, Inc. ("Genesis") a primary beneficiary of the Policy. Pacific Life duly recorded the requested change.

3. Defendants Sylvia G. Payne Irrevocable Trust, Martha N. Payne (both in her capacity as Trustee of the Trust, and individually), Susan P. Bliss, Mary Payne Nguyen, and Sara E. Payne (collectively, the "Trust Defendants"), have asserted a claim to the entirety of the Disputed Proceeds as defined in the Complaint and deny Genesis is entitled to recover anything.

4. Similarly, Defendant Genesis informed counsel for Pacific Life that Genesis contends it is owed at least some portion of the Disputed Proceeds, based on an alleged indebtedness to Genesis and the beneficiary designation.

5. On May 9, 2008, in response to the conflicting asserted rights and claims of the Defendants to the Disputed Proceeds, Pacific Life filed the instant interpleader action for injunctive relief pursuant to 28 U.S.C. 1335 and Rule 22 of the Federal Rules of Civil Procedure. Waivers of service of process were subsequently filed (D.E. 4-9). Therefore, all named parties were properly joined to this proceeding.

6. On July 10, 2008, the Court entered an Order granting Pacific Life's Unopposed Motion to Interplead Funds into the Registry of the Court (D.E. 12). Accordingly, on July 15, 2008, Pacific Life deposited the Disputed Proceeds of the

Policy, including accrued interest, totaling $134,719.10, into the Registry of the Court and filed notice thereof (D.E. 15).

7. On July 11, 2008, the Trust Defendants filed a Motion to Dismiss the Complaint. On July 18, 2008, those same Defendants filed a Notice of Withdrawal of Defendants' Motion to Dismiss, (D.E. 19), and by Order of July 23, 2008, the Court deemed that motion withdrawn (D.E. 26).

8. On July 18, 2008, Defendant Trust filed an Answer to the Complaint, which included certain counterclaims against Pacific Life. The remaining Trust Defendants filed an Answer that in the main adopted the Defendant Trust's Answer. (D.E. 17 & 18).

9. On July 30, 2008, the Trust Defendants filed notice, pursuant to Rule 41(a)(1)(A)(i), Fed.R.Civ.Proc., of voluntarily dismissing their counterclaims against Pacific Life with prejudice (D.E. 27).

10. On July 18, 2008, the Trust moved for entry of a default against Defendant Genesis, and on July 21, 2008, the Clerk of Court entered a default (D.E. 20 & 21).

11. Promptly after the Court enters a Discharge Order, or at such earlier time as the Court may direct or invite, Plaintiff will file a motion for award from the deposited Disputed Proceeds of a portion of its legal fees and costs in this matter. Plaintiff and the Trust Defendants have agreed on the amount of fees that Plaintiff may so request and to which those Defendants will not object.

## **MEMORANDUM OF LAW**

Pacific Life filed this interpleader action for two key purposes: (1) to protect the legal rights of all policy beneficiaries and of any other potential claimants to the Disputed

Proceeds, and (2) to protect itself from the clear potential for and risk of multiple and duplicative liabilities under the Policy. A party that complies with the statutory requirements of 28 U.S.C. § 1335 is entitled to a discharge pursuant to 28 U.S.C. § 2361. *See* 28 U.S.C. § 2361; *Algemene Bank Nederland, N.V. v. Soysten Tarim Urunleri Dis Ticaret ve Sanayi, A.S.*, 748 F. Supp. 177, 180 (S.D.N.Y. 1990) (finding that a plaintiff who properly invokes an interpleader action and complies with the statutory requirements is "entitled to a discharge and protection against further liability, pursuant to 28 U.S.C. § 2361"). An interpleader action pursuant to 28 U.S.C. § 1335 requires only a disinterested stakeholder that holds funds greater than $500, two or more adverse claimants of diverse citizenship, and a deposit of the funds into the registry of the court, there to abide by the court's eventual judgment. 28 U.S.C. § 1335; *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 527, 87 S. Ct. 1199, 1201 (1967).

Pacific Life has satisfied the statutory requirements of 28 U.S.C. § 1335. Pacific Life claims no interest in the funds deposited with this Court and is or was only a stakeholder; the funds in dispute greatly exceed $500, as the Policy has Disputed Proceeds of $134,719.10, which have been deposited in full into the Court registry; and the claimants are of diverse citizenship. Therefore, Pacific Life should be discharged from this interpleader action pursuant to 28 U.S.C. § 2361.

That statute provides in relevant part:

> In any civil action of interpleader . . . under section 1335 of this title, a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court. . . .

> Such district court shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment.

The Proposed Order accords with 28 U.S.C. § 2361 by providing for: (1) the Court to hold the Disputed Proceeds until it ultimately determines who is entitled to the proceeds or how they are to be distributed; (2) persons asserting claims to the Disputed Proceeds to submit and litigate such claims only in this proceeding, and not to commence other proceedings seeking to obtain such proceeds or a determination of their rights to proceeds; and (3) Pacific Life's discharge from any and all further liability, after having deposited the Disputed Proceeds into the Court's registry. In this manner, entry of the Proposed Order will adequately and fairly protect the rights of all interested parties and protect Pacific Life from risks of potential duplicative or multiple liabilities.

The Proposed Order also provides that Pacific Life may later move to recover its costs and expenses relating to this interpleader. "In an interpleader action, costs and attorneys' fees are generally awarded, in the discretion of the court, to the plaintiff who initiates the interpleader as a mere disinterested stake holder." *Prudential Ins. Co. v. Boyd,* 781 F. 2d 1494, 1497 (11 Cir. 1986) (internal citation omitted) (also finding that attorneys' fees and costs are generally awarded from the "interpleader funds"). *See also Septembertide Publishing, B.V. v. Stein & Day, Inc.*, 884 F.2d 675, 683 (2d Cir. 1989) (holding that the court has discretion to award attorneys' fees and costs to an interpleader plaintiff if the plaintiff is a disinterested stakeholder who has conceded liability, deposited the disputed funds with the court, and sought a discharge from liability).

**CERTIFICATE PURSUANT TO LOCAL RULE 7.1**

Counsel for Pacific Life has conferred with authorized representatives of all Defendants, who confirmed in writing that they do not oppose this Motion and consent to the proposed Order (attached Exhibit A).  Genesis gave its consent in writing, before the Trust moved for entry of a default against Genesis.  See also Complaint, Exhibit 11 at pp. 4-5 (Agreement between Plaintiff and the Trust Defendants, entered into before this interpleader action was commenced and providing for this action, by which those Defendants agreed, *inter alia*, "not to seek to dismiss the interpleader" and to "consent to or not oppose Pacific's [Plaintiff's] motions . . . for discharge and release from all further liability relating to the Disputed Proceeds and the Policy" [Agreement, Section 4, third sentence, clauses (c) and (d)].)

**CONCLUSION**

WHEREFORE, Pacific Life respectfully requests that this Court grant its Unopposed Motion for Discharge and enter the attached proposed Order Discharging Plaintiff, Pacific Life Insurance Company.

Dated:  July 30, 2008

Respectfully submitted,

*/s/ Gary P. Timin*
Gary P. Timin
Florida Bar No. 439071
Trial Counsel
SQUIRE, SANDERS & DEMPSEY L.L.P.
215 South Monroe Street, Suite 601
Tallahassee, FL  32301-1804
Telephone:  +1.850.222.2300
Facsimile:   +1.850.222.8410
E-mail:      GTimin@ssd.com

*Attorneys for Plaintiff, Pacific Life Insurance Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of July, 2008, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will automatically send a copy to William C. Owen, Esq., Counsel for Defendants other than Genesis Financial Services, Inc.  A copy of the foregoing was sent by U.S. Mail to the following:

Genesis Financial Services, Inc.
c/o Mark A. Arvin
180 North Stetson St., Suite 3500
Chicago, IL 60601

*/s/  Gary P. Timin*
Gary P. Timin