## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

### CASE NO. 4:08 CV 216-SPM-WCS

**PACIFIC LIFE INSURANCE COMPANY,**

   **Plaintiff,**

v.

**THE SYLVIA G. PAYNE IRREVOCABLE
WEALTH TRUST; GENESIS FINANCIAL
SERVICES, INC.; MARTHA N. PAYNE, IN
HER CAPACITY AS TRUSTEE OF THE
SYLVIA G. PAYNE TRUST, AND INDIVIDUALLY;
SUSAN P. BLISS; MARY PAYNE NGUYEN;
AND SARA E. PAYNE,**

   **Defendants.**

_____/

## CLAIMANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

Claimant, THE SYLVIA G. PAYNE IRREVOCABLE WEALTH
TRUST (Trust), by and through its undersigned counsel pursuant to Rule
12(c), Fed.R.Civ.P., moves for judgment on the pleadings in this cause and
as grounds therefore would show:

1.     Plaintiff, PACIFIC LIFE INSURANCE COMPANY (Pacific
Life) filed a Complaint For Interpleader And Injunctive Relief on May 9.
2008 naming the Trust and others as claiming putative interest in the funds
or res subject to its interpleader action. (Doc. #1).

2.     Besides the Trust, a defendant entity named in the complaint as purportedly claiming an interest in the subject res is GENESIS FINANCIAL SERVICES, INC. (Genesis).

3.     Genesis executed a waiver of service of process which was filed with the clerk on July 5, 2008. (Doc. #4).  Under this waiver, Genesis was obliged to file its responsive pleading on or before July 11, 2008.

4.     By Order entered July 10, 2008, the Court authorized Pacific Life to deposit the subject funds or res into the court registry.  (Doc. #12) Accordingly, on July 15, 2008 Pacific Life deposited $134,719.00 into said registry.  (Doc. #16).

5.     Thereafter, Claimant filed its answer to the complaint, a claim in interpleader and a counterclaim against Pacific Life (Doc. # 17).

6.     All of the other defendants named in the interpleader complaint, other than the Trust and Genesis, have filed their answer to the complaint adopting the answer filed by the Trust and acknowledging that the Trust is fully empowered to take all legal action to perfect, implement and enforce said defendants' equitable interests in the res in question.  (Doc. #18).

7.     On July 18, 2008, the Trust applied for entry of a default against Genesis (Doc. #20).  The clerk thereupon entered a default against

2

Genesis (Doc. # 21). The Trust's Motion for Entry of a Final Judgment against Genesis is presently pending. (Doc. #     ).

8.     In essence, the Trust contends that its Trustee was not authorized to amend or alter the irrevocable beneficiary provisions of the Trust. As a consequent, the Trust contends that the putative change in beneficiary designation, which Pacific Life alleges was made in favor of Genesis thereby creating an interest in it with respect to the subject life insurance death benefit proceeds, is not valid or enforceable. (See Doc. #17, pp. 4-7).

9.     By the clear terms of the trust indenture creating the Trust, the beneficiaries of the Trust were the Settlor's four daughters, to wit: Mary S. Payne, now Mary Payne Nguyen, Susan P. Bliss, Martha N. Payne and Sara E. Payne. The beneficiary designation was irrevocable, as were all of the terms and conditions of the Trust. The subject life insurance policy issued by Pacific Life on the Settlor's life was issued to the Trust as owner and beneficiary thereof. Once the subject policy became an asset of the Trust, no person, including the Trustee, could create a lien interest or share in the life insurance death benefit proceeds without the consent of the designated beneficiaries of the Trust. (Doc. #17, pp. 4-7).

3

10.   No party has challenged or disputed the facts or legal conclusions set forth as a basis for the Trust's claim to the res or funds at issue in this proceeding.

11.   Plaintiff Pacific Life has advised counsel for Claimant that it takes no position on the merits of any defendant's claims to the deposited funds and so does not oppose this motion, while reserving its rights to (a) obtain a discharge order per its motion filed July 30, 2008, and (b) an award of reasonable attorney's fees and costs from the deposited funds.

WHEREFORE, Claimant, SYLVIA G. PAYNE IRREVOCABLE WEALTH TRUST, requests that the Court enter its judgment on the pleadings finding and adjudicating that Claimant exclusively is entitled to draw down all of the funds or res deposited in the court registry, less whatever sum is allowed as fees and costs to Plaintiff Pacific Life Insurance Company. Further, Claimant requests that the Order authorize and direct the Clerk to distribute forthwith such residual funds to the Sylvia G. Payne Irrevocable Wealth Trust.

Dated this 4th day of August 2008.

WILLIAM C. OWEN, LLC


By:*William C. Owen*
William C. Owen, Esq.
Fla. Bar No. 0105417

4

241 Pinewood Drive
Tallahassee, Florida 32303
(850) 513-0600
(850) 877-2809 fax

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail to Gary P. Timin, Esq., 215 South Monroe Street, Suite 601, Tallahassee, Florida 32301 and Genesis Financial Services, Inc., c/p Mark A. Arvin, 180 North Stetson Street, Suite 3500, Chicago, IL 60601 this 4th day of August 2008.

_William C. Owen_

5